IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY GUZMAN,

    Petitioner,

vs.                                                        No. Civ. 97-1527 JC/WWD

JOE R. WILLIAMS, Warden, et al.

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed December 1, 1997. Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis.* On April 28, 1982, following a jury trial, Guzman was convicted of felony murder, criminal sexual penetration in the second degree and tampering with evidence, and is now confined pursuant to the judgment, sentence and commitment of the Second Judicial District of the County of Bernalillo.[1]

    2.  Petitioner alleges three grounds in his petition:

(1) Ineffective assistance of counsel;
(2) Incompetency to stand trial; and
(3) Insufficiency of the evidence.

    3.  These grounds should be dismissed summarily. Because the first ground consists of various allegations, I will first address the other two.

**Incompetency to Stand Trial**

---

[1] Governor Anaya pardoned petitioner from the death penalty which was initially imposed.  Ex. to Pet. (state habeas pet. at 6).

4. Guzman's entire claim is based on his contention and belief that he was incompetent to stand trial despite the fact that several examining doctors ultimately determined that he was competent. Pet. at 7 (attachment). He states in his petition that in the doctors' opinion, he could "only be competent under medication," and then concedes that the anti-psychotic medications were continued prior to, as well as during, trial. Pet. at 2, & 7 (attachment).

5. Because of Guzman's history of emotional and mental problems, there was some initial question of his competency several months before trial. Petitioner was transferred to a forensic unit to be treated. By late March 1982, he was found to be competent to stand trial based on hearing testimony from three psychologists.

6. Guzman presented the incompetency issue in his state habeas petition, both substantively and as ineffective assistance of counsel. Ans., Ex. S. The state court noted in the Order denying the petition, that the issue of petitioner's competency "was before the trial Judge and the attorney throughout the trial. . . [n]o one raised the issue that because of his emotional and mental condition he was not competent to stand trial." Ex. U at 1 (citing to the order on direct appeal, State v. Guzman, 100 N.M. 756, 763, 676 P.2d 1321, 1328 (1984)). In fact, the state court took note of a particular instance from the record where Guzman demonstrated an ability to consult with his lawyer and that "he had a rationale [sic] as well as, a factual understanding of the proceedings against him." Ex.U at 2 (citing 100 N.M. at 762, 676 P.2d at 1327); see Drope v. Missouri, 420 U.S. 162 (1975).

7. Further, affidavits by both Judge Gerald Cole, the trial judge and one of the prosecutors in Guzman's underlying criminal case support this finding. Ex. T, Aff. Judge Cole's affidavit contains specific instances which occurred during trial and during sentencing which

2

supported his belief that petitioner was competent to stand trial:

> I observed no evidence that Mr. Guzman became incompetent during the trial. I was concerned about his state of competency because he had become incompetent prior to trial, was sent to Las Vegas, New Mexico for treatment and had been treated to competency. I paid close attention to Mr. Guzman's conduct during the trial because of the severity of the charges and his earlier competency problems. I was more observant of this issue in this case than in other cases that I had presided over this [sic] and kept a close eye on Mr. Guzman. I saw no evidence of incompetency. He reacted appropriately to the proceedings and to his counsel.

Ex. T. Both affidavits contain an acknowledgment of ethical duties regarding competency of a defendant and both attest to the appropriateness of defendant's actions throughout the trial.

    8. Factual findings from state court proceedings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).[2] State determinations of legal questions or mixed questions of fact and law are now also given deference  A federal court may grant habeas relief if, and only if, the "decision" resulting from that adjudication was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or involved an "unreasonable application of" law, or an "unreasonable determination of the facts in light of the evidence" presented at the state level. § 2254(d).

    9. Competency to stand trial is a factual issue. See Maggio v. Fulford, 462 U.S. 111, 117 (1983). In this case, petitioner offers no clear and convincing evidence to overcome deference to the state court findings on this issue. Relief on this ground should be denied.

**Insufficiency of Evidence**

---

    [2] Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, tit.I, sec. 104 (to be codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996)). Because Guzman filed his habeas petition after the Act's effective date, his claim is governed by the new rules. See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997) (new AEDPA provisions generally apply only to cases filed after the Act became effective).

10. Guzman alleges that there was insufficient evidence on which to convict him of the crimes with which he was charged. He contends that reliance on an eyewitness identification was inadequate because eyewitness identifications are "quite unreliable," without presenting any factual specifics concerning the unreliability of the identification which was made in his case. Pet. at 9 (attachment). Guzman's claim constitutes no more than conclusory statements regarding insufficiency of the evidence. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994); Anderson v. United States, 367 F.2d 553, 554 (10th Cir. 1966), cert. denied, 386 U.S. 976 (1967) (general conclusory allegations impose no obligation upon the trial court to conduct a hearing).

11. Moreover, state court findings on this issue should be presumed correct.[3] The Order denying petitioner's state habeas petition noted that defendant had given a confession to the police, was positively identified by the surviving victim, and took police to the scene of the crime and to the location where he threw away the murder weapon. Ex. U at 2.[4] The fact that Guzman had given a "complete statement regarding his involvement in the crimes and had aided investigators in locating the physical evidence" was also mentioned in Judge Cole's affidavit as well as that of the prosecutor. See Ex. T.

12. Given this evidence, a reasonable jury could find the defendant guilty beyond a reasonable doubt, when taken in a light most favorable to the government. See United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994); Jackson v. Virginia, 443 U.S. 307, 319 (1979). This claim should also be dismissed with prejudice.

---

[3] Guzman raised a general sufficiency of the evidence issue in state court.

[4] The state court also found petitioner's allegation regarding the insufficiency of the evidence presented at trial to be "an unsubstantiated allegation." Ex. U at 2.

**Ineffective Assistance of Counsel**

  13. Evaluating the effectiveness of counsel's assistance requires a two-part inquiry. Nguyen v. Reynolds, 131 F.3d 1340 (10th 1997). To prevail in this claim, Guzman must prove *both* that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

  14. Petitioner recites numerous reasons why his counsel was ineffective, none of which have any merit.[5] The first and second allegations are that counsel's opening statement contained "damaging insinuations" where counsel conceded not only that the victims were innocent but that petitioner had actually committed the crime. Pet. at 1. It is clear, however, from petitioner's own rendition of the opening statement, that counsel's strategy was geared toward an insanity defense, which would be inconsistent with proving either mistaken identity or complete innocence.

  15. Abuse of ineffectiveness claims for tactical reasons has become a significant burden on courts. See Miles v. Dorsey, 61 F.3d 1459, 1477 (10th Cir. 1995). A counsel's performance is constitutionally deficient only if errors made were so serious that the defendant was denied the "counsel" guaranteed by the Sixth amendment. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In this case, there is no indication that counsel's actions strayed outside the broad latitude allowed in making strategic and tactical choices regarding appropriate action to

---

[5] Petitioner's failure to raise ineffective assistance claims on direct appeal does not preclude federal habeas review of those claims. Nguyen v. Reynolds, 131 F.3d 1340, 1347 n.3 (10th Cir. 1997) (citing Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir.1994)).

take or refrain from taking while acting in a representative capacity.  Id. at 689, 691.

16.     Petitioner alleges as a third ground for ineffectiveness that counsel should have retained forensic experts to determine whether the "forensic unit at the state hospital was treating an incurable mental disease with a psychotropic drug that causes one to become psychotic." Pet. at 3.

17.     Counsel's actions regarding use of witnesses are usually based on strategic choices. See Strickland, 466 U.S. at 691.  Petitioner's allegation is conclusory, lacking any factual basis either as to the evidence itself, or to the suggestion that counsel was ineffective for failing to bring it in through witnesses, assuming any could be found.  I come to this conclusion by considering the evidence above regarding the competency issue, including the determination that was made prior to trial that petitioner was under control *as long as he continued the medications*.

18.     Petitioner cannot show that counsel's conduct was below an objective standard of reasonableness in failing to find and use witnesses who would essentially testify that he was incompetent where the very issue was carefully examined and disposed of prior to trial.  Thus, this claim must also fail.  See Miles v. Dorsey, 61 F.3d 1459, 1475 (10th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 700 (1984)) (failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim).

19.     Petitioner's next two bases for his claim of ineffective assistance of counsel concern the failure to object to testimony of a witness who stated that petitioner had attacked her two weeks prior to the underlying incident, and to the introduction of a knife which was similar to the murder weapon, but not the actual murder weapon.  Even assuming that these objections had merit, and that counsel was deficient in failing to make these objections, Guzman has not

demonstrated a reasonable probability that the outcome of the proceedings would have been different had objections been made, for either of these claims.

20. As mentioned above, Guzman led police to the crime scene where they recovered the actual knife used in the murder. He does not suggest how or why he was prejudiced because the jury did not get to see the actual knife used in the crime, but one that was similar. As for the witness' testimony regarding an earlier attack, given all the other evidence available at trial for the jury to consider, see ¶ 11, above, there is no basis to find any reasonable probability that the jury would not have found him guilty. See United States v. Rivera, 900 F.2d 1462, 1474 (10th Cir. 1990) (performance of defendant's counsel "must be considered in light of the strength of the government's case").

21. Guzman next alleges counsel was ineffective by not bringing to the jury's attention that because he was driving a car with a standard transmission, he could not have held the two victims at knife point and drive at the same time. Elsewhere in his petition, he alleges that counsel should also have brought to the jury's attention his mental disease, or pursued a diminished capacity defense. However, counsel cannot be considered ineffective because he did not pursue a different defense, one that would have been irreconcilable with the evidence and testimony, as discussed above. See ¶¶ 14, 15, above.

22. Further, the jury was indeed instructed as to several mitigating circumstances, including the testimony given concerning Guzman's "extensive mental and emotional problems." Ex. H (from direct appeal order, 676 P.2d at 1326; see also Guzman at 1328 ("[t]hrougout the trial, evidence was presented concerning Guzman's emotional and mental condition"). Petitioner's claim of ineffective assistance of counsel with respect to presenting evidence of his

mental condition to the jury is not only unsupported, but contradicted by facts from the record.

   23.   Within this same allegation, Guzman also contends that counsel was ineffective for failing to file a motion to suppress his confession.  As a basis for his contention, he does not allege facts that may form the basis for a constitutionally infirm confession, but merely states that he later "informed counsel that he knew nothing of the confessions."  Counsel is not ineffective for failing to raise what would have most likely been a meritless claim.  U.S. v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1991).

   24.   Last, petitioner alleges that counsel was ineffective by failing to investigate and find witnesses who would testify to the fact that he was taking prescription medication and indulging in alcohol consumption.  At trial, an expert witness was allowed to testify as to the hypothetical effect of a combination of medication and alcohol, but because there was no foundation for the testimony that Guzman had taken medication and alcohol on the night of the murder, the expert could not testify as to the particular effect on Guzman.  Ex. H (citing Guzman 676 P.2d at 1327).

   25.   Guzman claims that a Debbie Martinez would have testified that she saw him taking prescribed medication and indulging in alcohol consumption prior to the occurrence in question. Defense counsel's decision not to call this witness, assuming that this witness existed, may have been a tactical decision, given the testimony already provided by the expert. Cmp. Finley v. Kirby, unpubl. op., 996 F.2d 310, 1993 WL 230116 (10th Cir. N.M.); see Strickland, 466 U.S. at 691.  I need not, however, determine whether counsel's performance was deficient before examining prejudice.  Id. at 697.  Here, too, petitioner has failed to show that there is a reasonable probability that but for counsel's failure to call this witness the result of the trial would have been

different.

26. In sum, counsel did not provide ineffective assistance on any of the grounds alleged by petitioner. The prosecution had what appears to have been an "overwhelming" case, and defense counsel was neither deficient in his performance, nor has petitioner shown that had counsel done anything differently, there is a reasonable probability that he would not have been convicted. Cmp.<u>United States v. Katz</u>, 425 F.2d 928, 930 (2d Cir.1970) (Friendly, J.) (where the prosecution has an overwhelming case, "there is not too much the best defense attorney can do").

27. There is also no merit to petitioner's claim that he was incompetent to stand trial, as the state court's findings on this issue was clearly and reasonably adjudicated, and is presumed correct in the absence of clear and convincing evidence to the contrary, which petitioner has not presented. Petitioner's other ground for relief based on insufficiency of the evidence, also fails for similar reasons.

28. Guzman also requests appointment of counsel in a motion filed April 6, 1998 [15-1]. Given my recommended disposition in this case, the motion should be considered moot and therefore denied.

**Recommendation**

I recommend that (1) petitioner's application for Writ of Habeas Corpus be denied and that this cause be dismissed with prejudice; and that (2) petitioner's motion for appointment of counsel [15-1] be denied on the basis that it is moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE