MICHAEL ANTHONY GUZMAN, §

§

Petitioner, §

§

v. §

§ Cause. No. CIV 97-1527-JC/WWD

JOE WILLIAMS, Warden, et. al., §

§

Respondent. §

01 DEC -5 PM 4:27

**MLK**

## PETITIONER'S REQUESTED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

MICHAEL ANTHONY GUZMAN, Petitioner, by and through the undersigned counsel, submits the following requested findings of fact and conclusions of law with respect to the evidentiary hearing in this cause which was conducted on October 30, 2001.

## REQUESTED FINDINGS OF FACT

1.      Michael Guzman was the defendant in a case in which he was charged with first degree murder and related charges.

2.      Mr. Guzman was indicted in the cause in 1981.

3.      Prior to trial, Mr. Guzman was determined to be mentally incompetent to stand trial.

4.      Following the trial court's finding of incompetence, Mr. Guzman was order to the state mental health unit in Las Vegas, New Mexico.

5.      Mr. Guzman stayed at the state mental health facility in Las Vegas, New Mexico from approximately September, 1981 through approximately March, 1982, just before his trial.

6.      At the Las Vegas mental health unit, Mr. Guzman was given heavy doses of Thorozine, Stelozine, and Cogentin.

89

7.    Thorozine, Stelozine, and Cogentin were, in 1982, drugs which were used to treat psychotic disorders.

8.    Mr. Guzman was medicated during his trial with 200 mg of Thorozine, 20 mg of Stelazine three times a day, and of Cogentin.

9.    Trial counsel experienced and described to the trial court difficulties in communicating with Mr. Guzman during the trial.

10.    Trial counsel failed to raise an issue during the trial with respect to Mr. Guzman's competency.

11.    Mr. Guzman's defense at trial was that he was insane at the time at which the offense was committed.

12.    Trial counsel failed to present evidence to the jury that Mr. Guzman had consumed alcohol on the night of the offenses charged.

13.    Trial counsel failed to present evidence to the jury to the effect that Mr. Guzman had consumed an excessive amount of a psychotropic medication on the day of the offenses charged.

14.    Debbie Martinez is a witness who was available at the time of trial.

15.    Debbie Martinez would have been able to provide testimony to the jury of the fact that Mr. Guzman was intoxicated on the day of the offenses.

16.    Ms. Martinez would have been able to provide a testimony to the jury that Mr. Guzman had taken a "handful" of pills from a prescription pill bottle on the day of the offenses.

17.    Ms. Martinez' testimony would probably have made a difference in the outcome of the trial.

18.    Following the trial, it was determined that Mr. Guzman did not suffer from a

psychotic disorder.

19.    Following the trial, it was determined that Mr. Guzman was taking excessive medications.

20.    Following the trial, it was determined that Mr. Guzman was taking the wrong kind of medications.

21.    Following the trial, a mental health professional within the Department of Corrections changed Mr. Guzman's medications.

22.    Mr. Guzman was taken off the Thorozine and Stelozine by mental health professionals within the Department of Corrections.

23.    Mental health professionals within the Department of Corrections placed Mr. Guzman on Dilantin, an anti-seizure medication.

24.    Following Mr. Guzman's placement on Dilantin, Mr. Guzman's mental status improved dramatically.

25.    Mr. Guzman was improperly medicated during his trial.

26.    Mr. Guzman was excessively medicated during his trial.

27.    Mr. Guzman's ability to understand and participate in trial was impaired as a result of the medications he was administered at that time.

28.    Mr. Guzman's ability to assist in his defense was impaired as a result of the medications he was administered during trial.

## REQUESTED CONCLUSIONS OF LAW

1.    Mr. Guzman was incompetent during all or part of his trial.

2.    Mr. Guzman received ineffective assistance of counsel during his trial do to trial

counsel's failure to raise competence as an issue during the trial.

3. Mr. Guzman was denied effective assistance of counsel during his trial because trial counsel failed to call the witness Debbie Martinez to testify at his trial.

4. Mr. Guzman's convictions should be vacated.

5. Mr. Guzman is entitled to a new trial.

Respectfully submitted,

MARC H. ROBERT
MARC H. ROBERT, P.C.
1122 Central Ave., SW
Albuquerque, New Mexico 87102
(505) 243-9080
Fax (505) 242-4526

*Counsel for Mr. Guzman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Petitioner's Requested Findings of Fact and Conclusions of Law was mailed or delivered to the Attorney General's Office, Bataan Memorial Building, P.O. Drawer 1508, Santa Fe, New Mexico 87503 on December ___, 2001.

MARC H. ROBERT