IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY GUZMAN,

    Petitioner,

vs.                                         Civ. No. 97-1527 JC/WWD

JOE R. WILLIAMS, Warden, et al.,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER is before the Court on remand from the Tenth Circuit Court of Appeals regarding Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 28, 1982, following a jury trial, Mr. Guzman was convicted of willful, deliberate, premeditated murder in the first degree and felony murder (count I), attempt to commit a felony, to wit: first degree murder (count II), criminal sexual penetration in the second degree (count III), kidnapping (counts IV and V) and tampering with evidence (count VI).  Petitioner is confined pursuant to the judgment, sentence, and commitment of the Second Judicial District of the County of Bernalillo and is currently represented by court-appointed counsel.

    2.  On June 17, 1999 the District Court, adopting the proposed findings and recommended disposition ("PFD") of the Magistrate Judge, dismissed Petitioner's application for Writ of Habeas Corpus.  Following Petitioner's appeal of that decision, the Tenth Circuit Court of Appeals remanded the matter to the District Court for further proceedings on the following

issues: (1) whether Petitioner was incompetent at the time of his criminal trial (Claim One),[1] (2) whether Petitioner's counsel was ineffective in failing to adequately contest his competency before and during the trial (Claim Two); and (3) whether Petitioner's counsel was ineffective for failing to adequately present a diminished capacity defense (Claim Three).  See Guzman v. Williams, 185 F.3d 874, 1999 WL 430059 (10th Cir. Jun. 28, 1999) (unpublished table decision).

3. On remand, this Court granted Petitioner's motion for appointment of counsel, ordered Respondent to forward all state court records and transcripts, requested the parties to submit additional briefing and set an evidentiary hearing.  See Orders filed July 16, 1999 **[Doc. 27]**, August 4, 1999 **[Doc. 29]**, and March 14, 2001 **[Doc. 52]**.  On October 26, 2001, an evidentiary hearing was held and both parties submitted proposed findings of fact and conclusions of law.

*Claim Three:  Whether Petitioner's counsel was ineffective in failing to adequately present a diminished capacity defense*

4. The Tenth Circuit noted that "it does not appear that [Petitioner] raised this specific claim of ineffective assistance [in Claim Three] on direct appeal or in his state petition for post conviction relief," and specifically instructed the parties to brief whether this claim is procedurally barred.  Guzman, 185 F.3d 874, 1999 WL 430059, at **8.  I will address this issue first.

5. As a preliminary matter, 28 U.S.C. § 2254(b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding.  See Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Preiser v. Rodriguez, 411 U.S.

---

[1] The Tenth Circuit characterized Mr. Guzman's habeas petition as alleging both a substantive and procedural competency claim.  Guzman, 1999 WL 430059, at **6.

2

475, 489 (1973); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is met when the federal issue has been properly presented to the state's highest court. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir.1994). The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions. Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981) (citations omitted); accord, Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

      6. Petitioner contends that because he "generally raised the issue of ineffective assistance of counsel" in his state habeas, his allegations regarding Claim Three were adequately presented to the state court. Pet'r's Mem. Reply Br. at 6 **[Doc. 49]**. However, the exhaustion doctrine requires a petitioner to "fairly present" the substance of his claims to the state courts, providing them with a "fair opportunity" to apply controlling legal principles to the facts of those claims. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (noting that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made") Id. Petitioner did not fairly present the substance of Claim Three by "generally" raising the issue of ineffective assistance of counsel in the state proceedings. See Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999) (citing Demarest v. Price, 130 F.3d 922, 938-39 (10th Cir. 1997) (finding claims unexhausted when petitioner made general allegations of ineffective assistance of counsel in state court and more specific allegations in federal court on habeas)). Accordingly, I find that Petitioner has not exhausted his state remedies with respect to Claim Three.

      7. Having found a failure to exhaust state remedies, the question then becomes whether the court to which the Petitioner would be required to present his claim in order to meet the

exhaustion requirement would now find the claim procedurally barred.  Demarest, 130 F.3d at 939.

*Procedural Default*

8.  At first blush, it would appear that Petitioner's Claim Three is procedurally defaulted because Petitioner's failure to raise the claim in his first state habeas proceeding implicates New Mexico's procedural bar rule.  See State v. Gillihan, 86 N.M. 439, 524 (1974) (noting that New Mexico state courts generally will not consider issues raised in a second post-conviction proceeding which could have been raised in the first proceeding).  Moreover, the application of New Mexico's procedural bar rule constitutes an independent state ground because it does not require a ruling on the merits of the federal claim.  Gutierrez v. Moriarty, 922 F.2d 1464, 1469 (10th Cir. 1991).

9.  However, under New Mexico law, a habeas corpus petitioner will not be precluded from raising issues that could have been raised in a previous proceeding when fundamental error[2] has occurred.  Gillihan, 86 N.M. at 440.  The Supreme Court of New Mexico recently held that "any error that impairs a defense against the death penalty, whether it arises from the sentencing or guilt phase of a capital trial, is, as a matter of law, fundamental."[3]  State v. Martinez, 2002-NMSC-008 ¶10, 43 P.3d 1042, 1046 (2002).

10.  In a capital case where the record overwhelmingly demonstrates that Petitioner

---

[2]  Fundamental error is defined "as error which goes to the foundation or basis of a defendant's rights, or error which goes to the foundation of the case, or error which takes from defendant a right which was essential to his defense."  Cisneros v. State,  88 N.M. 368, 369, 540 P.2d 848, 849 (N.M.App. 1975) (citing Gillihan, 86 N.M. 439 (1974)).

[3]  Petitioner's sentence of death was later commuted to life imprisonment by the governor of New Mexico.

4

"actually committed the murders," Guzman, 1999 WL 430059, at **7, Petitioner claims that his counsel was ineffective in failing to adequately present a defense of diminished capacity.  Given these circumstances and in light of New Mexico law, I cannot unequivocally conclude that a New Mexico state court would find Petitioner's unexhausted claim to be procedurally barred.

11.  While Petitioner's claim appears to be precluded from state review under New Mexico's general rule, it is not clear that a state court would find Mr. Guzman's allegations procedurally barred under the doctrine of fundamental error.  The issue is further complicated given that no state court has had a meaningful opportunity to consider and rule on the merits or the procedural posture of Petitioner's allegations contained in Claim Three.

12.  Consequently, because it is not clear that state review is foreclosed and in the interest of comity, Petitioner's Claim Three should be dismissed without prejudice so that he may first pursue and exhaust that claim in state court.[4]  See e.g., Banks v. Horn,  126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists); Burgin v. Broglin, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore possibility that state remedies exist).

*Mixed Petition*

13.  In this case, Mr. Guzman's petition is "mixed," because it contains both exhausted and unexhausted claims.  A petition containing an unexhausted claim is subject to dismissal.

---

[4] Under the circumstances of this case, I do not find it prudent to exercise this Court's discretion to examine the merits of Petitioner's unexhausted claim as provided for in section 2254(b)(2).

Rose, 455 U.S. at 520-21. "The Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims." Aragon v. Shanks, 185 F.3d 873, 1999 WL 448815, at **2 (10th Cir. Jul. 2, 1999) (unpublished table decision) (citing Harris v. Champion, 48 F.3d 1127, 1131, 1133 (10th Cir.1995) (disapproving dismissal of unexhausted claims only and clarifying that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim")) .

14.  Because Mr. Guzman's petition contains both exhausted and unexhausted claims, the entire petition should be dismissed without prejudice so that Petitioner will have the opportunity to pursue the unexhausted claim in state court.  However, Petitioner has a choice to make.  He may choose to proceed with his petition containing only Claims One and Two, and risk losing the opportunity to present his unexhausted Claim Three at a later date.  See Tapia v. LeMaster, 172 F.3d 1193, 1195 (10th Cir. 1999) (petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims and a subsequent petition containing those claims may be dismissed as an abuse of the writ if he is unable to meet the requirements for filing another petition).  Or, Mr. Guzman may choose to pursue Claim Three in state court, thus delaying his habeas petition altogether and bearing in mind that the one-year statute of limitation still applies to all of the claims in his petition, including those that have been exhausted.  See Rose, 455 U.S. at 521 (cited in Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993)).

15.  If Petitioner wishes to proceed with the underlying petition solely on Claims One and Two, he may so notify the Court within the 10-day period allotted for the filing of objections to these findings, in order to avoid re-filing the petition following the order of dismissal.  If

Petitioner does not notify the Court that he wishes to withdraw Claim Three and proceed with his remaining claims, his petition will be dismissed without prejudice to allow Petitioner to pursue his unexhausted claim in state court.

## Recommendation

I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice on grounds of nonexhaustion of claims.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. ¶ 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                              _____
                              UNITED STATES MAGISTRATE JUDGE